# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

ERIC BOBBY JACKSON, a/k/a Bobby
Eric Jackson, a/k/a Supreme
Antwain Young, a/k/a Eric Bobby
Ellis,

            *Defendant-Appellant.*

No. 00-4871

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CR-99-143-V)

Submitted: June 15, 2001

Decided: June 29, 2001

Before MICHAEL, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Randolph Marshall Lee, LAW OFFICES OF RANDOLPH MAR-
SHALL LEE, Charlotte, North Carolina, for Appellant. Karen Elise
Eady, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte,
North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Bobby Eric Jackson appeals his conviction and sentence to fourteen months confinement and two years supervised release for passing counterfeit Federal currency in violation of 18 U.S.C. § 472 (1994). Jackson's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), in which he represents that there are no arguable issues of merit in this appeal. Nonetheless, in his brief, counsel addressed the possibility that the district court should have allowed Jackson to withdraw his guilty plea, and improperly denied Jackson a downward departure at sentencing based on substantial assistance. *See U.S. Sentencing Guidelines* § 5K1.1 (2000). Jackson has not filed a supplemental pro se brief. Finding no merit to either of these claims of error, and discovering no other reversible error in our review of the record, we affirm Jackson's conviction and sentence.

In order to withdraw his guilty plea on direct appeal under Fed. R. Crim. P. 32(e), Jackson must demonstrate "a fair and just reason" for withdrawing his guilty plea, *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000), by making a sufficient showing under the six factors identified in *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991).* However, if the proceeding under Fed. R. Crim. P. 11, which is the predicate for such a plea, is found to be adequate after close scrutiny, a strong presumption arises that the plea is final and binding. *United States v. Puckett*, 61 F.3d 1092, 1099 (4th Cir. 1995). We have examined Jackson's brief and the joint appendix, and find no reason to allow Jackson to withdraw his guilty plea.

---

*We assume, without deciding, that Jackson's initial challenge to the validity of his guilty plea on appeal imposes no greater burden on him than if he had originally raised this challenge before the district court, as it is clear that Jackson cannot prevail even under the standards applicable to review of a district court's denial of a Rule 32(e) motion.

As a preliminary matter, our review of the Rule 11 hearing indicates that it was properly conducted. At the Rule 11 hearing the court informed Jackson of the mandatory minimum penalty, and that it could not determine the guideline sentence until completion of his presentence report. During the colloquy, Jackson acknowledged that his sentence could be more or less severe than he expected. Furthermore, Jackson was apprised of the elements of the crime with which he was charged, and the Government's burden in proving those elements. As a result, we find Jackson cannot challenge the sufficiency of his Rule 11 hearing, and thus the strong presumption that his plea was final and binding. *See Puckett*, 61 F.3d at 1099.

Nor is Jackson's attempt to overcome that presumption by recourse to the *Moore* factors persuasive. Jackson reaffirmed his responsibility for his offense at his Rule 11 hearing and again at sentencing. Similarly, his statements at the Rule 11 hearing indicated he agreed to the plea freely and voluntarily, and was not coerced or improperly induced into doing so. Hence, Jackson fails to demonstrate that his plea was not knowing or voluntary under *Moore*. 931 F.2d at 248. Likewise, Jackson's repeated assertions of guilt and responsibility for his crimes, combined with the Government's factual showing at sentencing, indicate Jackson cannot satisfy the second requirement under *Moore*, that he credibly assert his legal innocence. *Id.* Accordingly, because our review indicates none of the other *Moore* factors favor Jackson either, we find his request to withdraw his guilty plea on direct appeal meritless.

With respect to Jackson's second assignment of error, Jackson cannot sustain his claim that he was improperly denied a downward departure for the substantial assistance he claims he rendered to authorities investigating his offense. Under the Sentencing Guidelines, a defendant has no right to a downward departure for substantial assistance under § 5K1.1, *United States v. LeRose*, 219 F.3d 335, 343 (4th Cir. 2000), and Jackson has not asserted that the Government's refusal to seek one at sentencing resulted from improper or suspect motives, *Wade v. United States*, 504 U.S. 181, 186 (1992). Accordingly, we find this assignment of error to be without merit as well.

In accordance with *Anders*, we have reviewed the entire record and find no reversible error. We therefore affirm. This court requires that

counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*